**In re Paul W. & Sandra L. STEBBINS, Debtor.**

**No. 02–10248 B.**

United States Bankruptcy Court, W.D. New York.

May 7, 2003.

---

Jeffrey Freedman Attorneys, Mark C. Laudisio, Esq., of counsel, Cheryl Bechakas, Esq., appearing, Buffalo, NY, for Debtor.

CARL L. BUCKI, Bankruptcy Judge.

In this chapter 13 proceeding, the debtors seek contempt sanctions for a failure to remit to the trustee the moneys withheld from wages pursuant to a prior order of this court. The interesting issue is whether the court may impose contempt liability not only upon the corporate employer to which the wage order was directed, but also upon the principals of that corporation.

Paul and Sandra Stebbins filed a petition for relief under chapter 13 of the Bankruptcy Code on January 14, 2002. At that time, Mr. Stebbins was employed by Bison Blow Pipe, Inc. Two days after the filing of the petition, at the request of the debtors, this court issued an order directing the employer to withhold $88 per week from the debtor's wages, and to remit that sum to the Chapter 13 trustee. With an expectation that this payment would be made, the court granted an order confirming the debtors' proposed plan on February 26, 2002. Pursuant to this court's order, Bison Blow Pipe consistently with-

held the requisite sum from Paul Stebbins' salary. It did not, however, consistently remit payment to the trustee. For this reason, in December of 2002, the trustee moved to dismiss the bankruptcy for lack of sufficient funds to execute the plan. Meanwhile, on December 18, 2002, Bison Blow Pipe, Inc., ceased operations without prior notice to its employees. Upon investigation, the debtor's counsel discovered that from moneys deducted from Mr. Stebbins' wages, Bison Blow Pipe, Inc., never paid the sum of $1,027 to the trustee. Accordingly, the debtors filed the present motion to hold in civil contempt both Bison Blow Pipe, Inc., and the owners of that corporation, Jim and Dawn Klocek.

With respect to Bison Blow Pipe, Inc., the court grants the debtors' motion and accordingly will hold that corporate entity in civil contempt. The January 16th order of this court is unmistakable in its direction: Bison Blow Pipe was to remit to the trustee certain sums that it was to withhold from the debtor's wages. While relying upon the authority of the order to reduce the salary that was actually paid to Mr. Stebbins, Bison Blow Pipe failed to pay over the full amount of the withholding. For this failure, the court holds the corporation in civil contempt, and awards actual damages for the full amount of unremitted funds, namely $1,027, together with legal fees in the amount of $1,000.

■ Because Bison Blow Pipe, Inc., has ceased to do business, an award of civil contempt against the corporation will probably yield no recompense. For this reason, the debtors also seek a finding of contempt as against the corporation's shareholders, Jim and Dawn Klocek. The January 16th wage order, however, was not directed to these individuals.

■ As recognized by the Supreme Court in *Wilson v. United States,* 221 U.S. 361, 376, 31 S.Ct. 538, 55 L.Ed. 771 (1911),

"[a] command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs." Accordingly, in *In re World Parts,* 291 B.R. 248 (Bankr.W.D.N.Y.2003), this court recently found corporate officers to be in civil contempt for the corporation's violation of an order. I concluded, however, that "for nonparties, a finding of civil contempt requires three elements of proof: that the respondents have a relationship of privity with the named party, that they have knowledge of the court's prior order, and that they act affirmatively to cause or facilitate a violation of that order." 291 B.R. at 254. As owners of Bison Blow Pipe, the Kloceks would have had privity with the responsible entity. Having no contrary evidence, this court might assume that these owners of a small business would have had knowledge of the January 16th wage order. The more fundamental problem with the debtors' argument is that no showing has been made that the Kloceks acted affirmatively to cause or facilitate a violation of the wage order.

In the present instance, the debtors have provided no evidence that the Kloceks caused a misdirection of moneys that were actually segregated from wages. Without proof to the contrary, a likely scenario is that Bison Blow Pipe was "net payrolling." In other words, the employer most probably never placed the withheld wages into a segregated account. Instead, it merely paid the net amount that would have been due to Paul Stebbins, as if the sum of $88 was actually deducted each week. If this is indeed what occurred, then the employer's mistake was not that it failed to remit funds, but that it never paid those funds into a segregated account on the debtor's behalf. Most likely, the reason for this failure was that Bison Blow Pipe never possessed sufficient funds to pay the gross wages in the first place.

Being obligated under the specific terms of the wage order, Bison Blow Pipe may be held in contempt for its failure to fulfill the terms of that order. In contrast, as non-parties, the Kloceks will be held liable only if they acted affirmatively to cause or facilitate that violation. To the extent that the employer never had the money to pay, the principals are not separately responsible for the violation of the court order, and cannot be held in civil contempt as a consequence.

Nothing in this decision precludes the possibility that Jim and Dawn Klocek may be liable personally for payment of the balance of wages due to Mr. Stebbins, whether by reason of the New York Labor Law or otherwise. That, however, must be the subject of an adversary proceeding. Nonetheless, for the reasons stated herein, this court denies the motion insofar as it seeks to hold Jim and Dawn Klocek in civil contempt of the order of January 16, 2002.

So ordered.